IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**SHERLINE LEWIS**                                                                 **PLAINTIFF**

VS.                                                           CAUSE NO.: 2021-77-CV9

**RUSHING'S INC. d/b/a PIGGLY WIGGLY;**
**PIGGLY WIGGLY, LLC d/b/a PIGGLY WIGGLY;**
**PIG SUPERMARKET LICENSING, LLC d/b/a PIGGLY WIGGLY;**
**FOOD GIANT SUPERMARKET INC.**
**d/b/a PIGGLY WIGGLY;**
**AND JOHN DOES 1-10**                                         **DEFENDANT(S)**

## SUMMONS

**STATE OF MISSISSIPPI**
**COUNTY OF LAUDERDALE**

TO:   Food Giant Supermarkets, Inc.
      c/o Incorp Services, Inc.
      302 Enterprise Drive, Suite A
      Oxford, Mississippi 38655 or wherever they may be found



RECEIVED
SEP 29 2021
BY: ___

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to Martin R. Jelliffe, Esq, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your responses with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this 13th day of September 2021.


EXHIBIT A

CONCETTA BROOKS, Circuit Clerk
JONES COUNTY CIRCUIT CLERK,
SECOND JUDICIAL DISTRICT

By: _Tammy Williams_, D.C

IN THE CIRCUIT COURT OF JONES COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**SHERLINE LEWIS**                                                                                          **PLAINTIFF**

VS.                                                             CAUSE NO.: 2021-77-CV9

**RUSHING'S INC. d/b/a PIGGLY WIGGLY;
PIGGLY WIGGLY, LLC d/b/a PIGGLY WIGGLY;
PIG SUPERMARKET LICENSING, LLC d/b/a PIGGLY WIGGLY;
FOOD GIANT SUPERMARKET INC.
d/b/a PIGGLY WIGGLY;
AND JOHN DOES 1-10**                                                                   **DEFENDANT(S)**

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, the Plaintiff, Sherline Lewis, (hereinafter "Plaintiff") by and through her counsel of record, and hereby files this Complaint against Rushing's Inc. d/b/a Piggly Wiggly; Piggly Wiggly, LLC d/b/a Piggly Wiggly; Pig Supermarket Licensing, LLC d/b/a Piggly Wiggly; Food Giant Supermarket Inc. d/b/a Piggly Wiggly, and John Does 1-10 (sometimes herein referred to as "Defendant" and/or "Piggly Wiggly"), and in support thereof states as follows:

### I. PARTIES

1. The Plaintiff is an adult resident citizen of Westwego, Louisiana, and presently resides at 228 Bishop Drive, Westwego, LA 70094.

2. The Defendant, Rushing's Inc. d/b/a Piggly Wiggly, is a Profit Corporation incorporated in the State of Mississippi, and doing business in the State of Mississippi, whose agent for service of process is Harrell G. Rushing located at 8 Village Drive, Madison, Mississippi 3910 or wherever they may be found.

3. The Defendant, Piggly Wiggly, LLC d/b/a Piggly Wiggly, is a Limited Liability Company incorporated in the State of New Hampshire and doing business in the State of Mississippi, whose agent for service of process is CT Corporation located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 or wherever they may be found.

1




4. The Defendant, Pig Supermarket Licensing, LLC d/b/a Piggly Wiggly incorporated in the State of New Hampshire and doing business in the State of Mississippi, whose agent for service of process is CT Corporation located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 or wherever they may be found.

5. The Defendant, Food Giant Supermarkets, Inc., incorporated in the State of Missouri and doing business in the State of Mississippi, whose agent for service of process is Incorp Services, Inc. located at 302 Enterprise Drive, Suite A, Oxford, Mississippi 38655 or wherever they may be found.

6. Defendants', John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the plaintiff but who may be added at a later date. John Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals of the Defendants' Rushing's Inc. d/b/a Piggly Wiggly; Piggly Wiggly, LLC d/b/a Piggly Wiggly; Pig Supermarket Licensing, LLC d/b/a Piggly Wiggly; Food Giant Supermarket Inc. d/b/a Piggly Wiggly. and/or other persons, entities, and/or corporations that were in some manner negligently and proximately responsible for the events and happening alleged in this Complaint and for Plaintiff's injuries and damages.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in The Second Judicial District of Jones County, Mississippi, and the cause of action occurred and/or accrued in The Second Judicial District of Jones County, Mississippi.

## III. FACTS

8. The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

623

9. At all times mentioned in this Complaint, the Defendants' managed, leased, owned and/or operated the store located at 321 North 16th Avenue, Laurel, Mississippi 39440.

10. At all times mentioned in this Complaint, the Defendant invited the general public, including the Plaintiff, to enter the Defendants' grocery store located at 321 North 16th Avenue, Laurel, Mississippi 39440 for reasons mutually advantageous to both the Defendant and Plaintiff.

11. On or about September 15, 2018, Plaintiff, Sherline Lewis, entered the grocery store on the property of the Defendants' gas station located within the geographical boundaries of Jones County, Mississippi, located at 321 North 16th Avenue, Laurel, Mississippi 39440, when suddenly and without warning she slipped and fell in a liquid substance from in the meat department, with no warnings of same, causing Plaintiff to sustain injuries including but not limited to pain in her back, right shoulder pain, and thigh.

## COUNT 1- CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANTS', RUSHING'S INC. d/b/a PIGGLY WIGGLY; PIGGLY WIGGLY, LLC d/b/a PIGGLY WIGGLY; PIG SUPERMARKET LICENSING, LLC d/b/a PIGGLY WIGGLY; FOOD GIANT SUPERMARKET INC. d/b/a PIGGLY WIGGLY;

12. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eleven (11) as if fully set forth herein.

13. At said time and place, Defendants', as owner and/or operator of the grocery store, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions.

14. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

3

a) Negligently failing to maintain or adequately maintain the floor near the meat department, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the floor near the meat department, as specified above, to ascertain whether the floor which was poorly maintained, constituted a hazard to patrons utilizing the aisles, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floor, when Defendants' knew or through the exercise of reasonable care should have known that said premises' floor was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendants exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendants' floor for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior trip and falls at the subject location caused by dangerous conditions that were not timely identified by Defendants' employees and corrected/remedied or for which notice was not given to guests at the premises;

j) Negligently failing to have adequate policies in place to identify and correct dangerous conditions created by the liquid substance on the floor without any warnings to Plaintiff, that were not timely identified by Defendants' employees and corrected/remedied or for which notice was given to guests at the premises;

4

- k) Negligently failing to act reasonably under the circumstances;

- l) Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

- m) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

- n) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises.

## COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDNATS', RUSHING'S INC. d/b/a PIGGLY WIGGLY; PIGGLY WIGGLY, LLC d/b/a PIGGLY WIGGLY; PIG SUPERMARKET LICENSING, LLC d/b/a PIGGLY WIGGLY; FOOD GIANT SUPERMARKET INC. d/b/a PIGGLY WIGGLY;

15. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through fourteen (14) as if fully set forth herein.

16. At said time and place, Defendants' breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

- a) Negligently failing to maintain or adequately maintain the floor near the meat department, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

- b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

- c) Negligently failing to inspect or adequately inspect the floor near the meat department, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing the aisles, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

- d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid substance, when Defendants' knew or through the exercise of reasonable care should have known that said premises' floor near the meat department was unreasonably dangerous and that Plaintiff was unaware of same;

5

e) Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendants exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendants' floor for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior trip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendants' employees and corrected/remedied or for which notice was not given to guests at the premises;

j) Negligently failing to have adequate policies in place to identify and correct dangerous conditions created by food on the floor without any warnings to Plaintiff, that were not timely identified by Defendants' employees and corrected/remedied or for which notice was given to guests at the premises;

k) Negligently failing to act reasonably under the circumstances;

l) Negligently engaging in a mode of operations when Defendants knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

m) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and

n) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises.

17. At said time and place, Defendants' owned, controlled, and/or possessed the business premises.

18. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendants owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

19. Further, Defendants' were negligent through the actions and inactions of it agents, representatives, and/or employees. The negligence of the Defendants includes, but is not necessarily limited to, the following:

    a) Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including the defective floor;

    b) Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including the defective floor;

    c) Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

    d) Other acts of negligence to be shown at the trial of this cause.

20. Defendants' breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

    a. past, present, and future physical pain and suffering;

    b. past, present, and future medical expenses;

    c. past, present, and future loss of enjoyment of life;

    d. past, present and future mental and emotional pain and suffering;

    e. permanent physical restrictions, limitations, and/or disability;

    f. loss of earning;

    g. loss of the ability to earn money;

    h. aggravation of pre-existing condition;

    i. any other damages allowed by Mississippi law; and

    j. household services if any.

## PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Sherline Lewis, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and household services; and any other special damages that may be incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED, this the 7th day of September, 2021.

SHERLINE LEWIS, PLAINTIFF

BY: _____
MARTIN R. JELLIFFE, Esq.

OF COUNSEL:

MORGAN & MORGAN, PLLC
MARTIN R. JELLIFFE (MSB# 3067)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 503-1676
Facsimile: (601) 503-1625
Email: mjelliffe@forthepeople.com

8